Vennerbeck & Clase Co.
vs.
Estate of Charles I. Markham

P. A. No. 1350.

November 17, 1933.

TANNER, J. This is an appeal from a decree of the Probate Court of Providence denying a motion to amend a claim against the Estate of Charles I. Markham.

The plaintiff by mistake filed a claim against said estate for about $28. Now, more than six years since the filing of said claim, the plaintiff asks permission to amend the claim already filed by adding to it a claim for something over $4,000. The Probate Court by its decree denied said motion and the case is now heard upon appeal.

It is claimed that this amendment could not be made in any event because it seeks to add a new cause of action to the original claim.

Both the original claim and the additional claim, however, are parts of a running account against Charles I. Markham in his lifetime. We are satisfied, however, under the authority of *Potter* vs. *Harvey*, 34 R. I. p. 71, that this additional claim is not for a new cause of action and it might properly be added to the original claim.

*Potter* vs. *Harvey*, however, decides that this amendment could only be made within the period fixed by law for the filing of such claim. The statute at the time of said decision fixed six months and twelve months as the time for filing such claims. The present statute, however, General Laws of Rhode Island 1923, Chap. 365, Sec. 3, permits the filing of claims at any time before distribution of the assets.

The present petition, of course, is not for leave to file a new claim but to amend one which was filed within the original statutory period and, in accordance with *Potter* vs. *Harvey*, as modified by the present statute, would allow the amendment of a claim as first filed by adding the items of a running account, which does not constitute a new cause of action.

Sec. 6 of said Chap. 365 permits the executor or administrator who has failed to disallow a claim within the time prescribed by that section to petition the Probate Court at any time before the distribution of the assets for leave to file a statement disallowing such claim, and the Probate Court, after notice, may grant leave to file such statement, upon terms or without, and upon such leave being granted, the claim may be disallowed within such further time as is fixed by the Court with the same effect as if so disallowed within the time prescribed by this section.

This, we think, permits the executor or administrator to disallow a claim which has been amended.

Sec. 8, Chap. 369, General Laws 1923, provides that "no executor or administrator shall be held to answer to the suit of a creditor of the deceased * * * unless such suit is commenced within two years from the date of the first

publication and before any order of distribution has been made on the estate of the intestate." Said Sec. 8, however, contains the exception "or as is otherwise provided."

Sec. 6 of said Chap. 365, however, as we have seen, permits the disallowance of claims at any time; and Sec. 11 of said Chap. 365, permits suit to be brought on a disallowed claim within six months after notice is given to the claimant that the same is disallowed.

These two sections last quoted, we think bring the petition for amendment within the exception stated in said Sec. 8, Chap. 369.

The further claim is made that the general statute of limitations giving six years to begin suit on such a claim applies. We think, however, it is well settled that statutes of limitations do not apply to the amendment to the statement of a cause of action which does not constitute a new cause of action.

We think, therefore, that the petition to amend should be and the same is granted.

For appellant: Stockwell & Chase.

For appellee: Francis J. O'Brien.